# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:07-cv-00287

| | |
|---|---|
| RALEIGH ADOLPH BELLAMY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND NOTICE TO PRO SE** |
| vs. ) | **PLAINTIFF OF DEFENDANT'S MOTION** |
| ) | **TO DISMISS** |
| FORD MOTOR COMPANY, and ) | |
| NATIONWIDE INSURANCE, ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the Court *sua sponte* following the filing of Defendant Nationwide Insurance's Motion to Dismiss (Docs. Nos. 10, 11) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, wherein Defendant has submitted exhibits and other extrinsic evidence in favor of its motion.[1] Accordingly, the Court will treat the motion as one for summary judgment and dispose of it as provided in Rule 56 of the Federal Rules of Civil Procedure. The Court hereby gives this notice to Plaintiff, appearing *pro se*, of the conversion of the motion originally filed pursuant to Rule 12(b)(6). See Fed. R. Civ. P. 12(b) ("If, on a motion . . . to dismiss for failure of the pleading to state a calim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the trial court, the motion shall be treated as one for summary judgment . . . . and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.").

The Fourth Circuit has held that litigants are entitled to notice that the court is treating a Rule

---

[1] Defendant Ford Motor Company has also filed a motion to dismiss. Plaintiff received a similar notice (Doc. No. 8), and currently has until October 25, 2007, to file his response. (See Doc. No. 12).

12(b) motion to dismiss as one for summary judgement, and that such notice must be "reasonably calculated to inform the nonmoving party of the conversion, and of his right to file countering affidavits or to undertake reasonable discovery in an effort to produce a triable issue of fact." Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, of the heavy burden that he carries in responding to Defendant Ford's motion for summary judgment.

Rule 56(e), Federal Rules of Civil Procedure, provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This language means that if Plaintiff has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this Court in a form which would otherwise be admissible at trial, i.e., in the form of affidavits or unsworn declarations. An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by Plaintiff to this Court no later than thirty (30) days from the date of this Order, or November 12, 2007, and must be filed in duplicate. As stated by Rule 56(e), Plaintiff's failure to respond may result in Defendant being granted the relief it seeks by way of summary judgment, that is, the dismissal of the Complaint with prejudice.

NOW THEREFORE, IT IS ORDERED:

1. The *pro se* Plaintiff shall have until November 12, 2007, to file his response, including any evidence, to Defendant's Motion.

2. The Clerk is directed to send copies of this Order and Notice to counsel for Defendants; and to the *pro se* Plaintiff, that is, Raleigh Adolph Bellamy, P.O. Box 3251, Mount Vernon, NY 10553.

SO ORDERED.

Signed: October 12, 2007

Frank D. Whitney
United States District Judge