# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:07-cv-00287

| | |
|---|---|
| RALEIGH ADOLPH BELLAMY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| FORD MOTOR COMPANY, and ) | |
| NATIONWIDE INSURANCE, ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the Court on Defendant Ford Motor Company's ("Ford") Motion to Dismiss (Doc. No. 4), as well as Defendant Nationwide Insurance's ("Nationwide") Motion to Dismiss (Doc. No. 10) and supporting memorandum. Because Defendants submitted exhibits in support of their motions, the Court, pursuant to Federal Rule of Civil Procedure 12(d), construed the motions as ones for summary judgment. Accordingly, the Court issued notice to Plaintiff regarding his burden and opportunity to present evidence in opposition to Defendants' motions. Plaintiff responded in the form of a sworn affidavit on October 24, 2007, and has since filed three motions for extension of time, the first two of which the Court granted. The Court, because it believes itself to be without subject matter jurisdiction, dismisses the Complaint against both Defendants.

Defendant Nationwide's motion included a motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1). Although Ford did not raise subject matter jurisdiction in its motion, the Court may *sua sponte* address the issue of subject matter jurisdiction at any time. See Arbaugh v. Y&H Corp., 546 U.S. 500 (2006). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function

remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 US. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S. 506 (1868)); see also McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."). Nationwide's motion presents a facial challenge to subject matter jurisdiction, or in other words, it "contend[s] that [the] complaint simply fails to allege facts upon which subject matter jurisdiction can be based." Adams v. Bain, 696 F.2d 1213, 1219 (4th Cir. 1982). In such a situation, "all the facts alleged in the complaint are assumed to be true." Id. Plaintiff, proceeding *pro se* and *in forma pauperis*, has indicated two things under the jurisdiction inquiry on his complaint. The first is that he is proceeding under 42 U.S.C. § 1983, but next to that he has marked "I don't know." This case involves a car accident, with various potential theories of breach of contract, products liability, and negligence, but no where are there any allegations that would implicate Title VII or any other federal statute. Thus, Plaintiff has failed to allege federal question jurisdiction under 28 U.S.C. § 1331. In addition, Plaintiff's complaint does not contain the requisite allegation that "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C.A. § 1332 (West 2008). The only specific allegation of damages in the complaint is Plaintiff's estimate of the value of his car at $26,000. Plaintiff alludes to other injuries, but no where states that these damages meet the threshold amount in controversy. Thus, Plaintiff has failed to allege diversity jurisdiction under 28 U.S.C. § 1332.

As no other bases for subject matter jurisdiction are apparent, and Plaintiff has presented no arguments to the Court in the four months that have elapsed since Nationwide's 12(b)(1) motion, the Court finds that it lacks subject matter jurisdiction and can proceed no farther in this case. Accordingly, Defendant Nationwide's Motion to Dismiss is GRANTED. For the same reason, Plaintiff's Complaint against Defendant Ford is hereby DISMISSED. Finally, Defendant Ford's

motion (Doc. No. 5) and Plaintiff's motion for an extension (Doc. No. 22) are DENIED AS MOOT.

The Clerk is DIRECTED to CLOSE THE CASE.

    IT IS SO ORDERED.

Signed: February 6, 2008

Frank D. Whitney
United States District Judge